IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES W. BOND,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JACKSON COUNTY, JUDGE BLOODSWORTH, JACKSON COUNTY SHERIFF'S OFFICE, and CITY OF MURPHYSBORO, ILLINOIS POLICE DEPARTMENT,**<br><br>    **Defendants.** | Case No. 22-cv-1700-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James W. Bond, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Sheridan Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Amended Complaint,[1] Bond alleges that Defendants improperly issued an arrest warrant in violation of the Eighth and Fourteenth Amendments.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

---

[1] On July 28, 2022, Bond submitted a letter to the Court which was filed as a Complaint. On July 29, 2022, the Court entered an Order directing Bond to file a formal Complaint (Doc. 4). On September 6, 2022, Bond filed his formal Complaint which was labeled as an Amended Complaint (Doc. 8).

1

Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Bond makes the following allegations: Bond seeks to file claims against Jackson County, Judge Bloodsworth, Jackson County Sherriff's Office, the State's Attorneys, and the City of Murphysboro, Illinois, Police Department for issuing an arrest warrant for an escape charge (Doc. 8, p. 5). Bond alleges that "they" tried stating he was in custody on furlough when his furlough had been denied (*Id.*).

In an attached letter, Bond alleges that Judge Bloodsworth signed the warrant and the case was labeled CF 21-80 (*Id.* at p. 7). He was held in custody on the charge from April 13, 2021, until July 28, 2021 (*Id.*). He alleges this violated his Eighth and Fourteenth Amendment rights. He also maintains he was subject to a bond that he had no ability to pay (*Id.* at pp. 7-8). The case was ultimately dismissed, and the judge informed him that the warrant should not have been issued (*Id.* at p. 8). Bond alleges that he suffered from mental and emotional distress from being subjected to the criminal case.

## Discussion

Simply put, Bond fails to state a claim. It is not entirely clear what claim Bond seeks to bring. He mentions the Eighth and Fourteenth Amendments, notes he was subject to an illegal search, and that he was subject to false arrest and imprisonment. But to the extent that Bond seeks to raise any constitutional claim for the improper/false warrant against the State's Attorney Office or the judge who prosecuted the claim, Bond cannot

pursue such a claim, because "the prosecutor is immune from a civil suit for damages under [Section] 1983" for prosecuting and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). *See also Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) (prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence"). Similarly, a judge being sued for his judicial act is protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). The claim that Judge Bloodsworth improperly issued the warrant is barred by judicial immunity. Thus, any claim against the State's Attorney Office and Judge Bloodworth are **DISMISSED with prejudice**.

Bond also seeks to bring claims for his false arrest and wrongful incarceration against Jackson County, Jackson County Sheriff's Department and the City of Murphysboro Police Department.[2] The police and sheriff's department are not suable entities, and to the extent Bond seeks to allege a claim against a municipality pursuant to *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978), he must allege that

---

[2] In order to state a claim for false arrest in a situation where the arrest was made pursuant to a warrant, an individual must allege either that the warrant was facially invalid or the officers making the arrest knew the warrant was issued without probable cause. *See Williamson v. Curran*, 714 F.3d 432, 443-44 (7th Cir. 2013); *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985) ("An officer's conduct in preparing a warrant affidavit that contains only inaccurate statements that are untruthful…violates the arrestee's fourth amendment rights."). Although Bond alleges that the judge told him the warrant should not have been issued, Bond fails to indicate whether the warrant was facially invalid and the reasoning for it being deemed improper.

a government policy or custom caused his constitutional injury. *See also West By and Through Norris v. Waymire,* 114 F.3d 646, 646–47 (7th Cir.1997). Bond fails to allege that he was arrested pursuant to any unconstitutional policy, custom, or practice of Jackson County or the City of Murphysboro. Thus, the claims against the county, city, and police departments are **DISMISSED without prejudice**.

To the extent that Bond alleges that he was subject to an "illegal search of [his] person," Bond again fails to state a claim (Doc. 1, p. 7). Bond fails to indicate when the search took place, who conducted the search, what the search entailed, and what about the search violated his constitutional rights. The conclusory statement that the search was "illegal"—unsupported by any factual description—is insufficient to state a cognizable claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Fourth Amendment guards against unreasonable searches and seizures. The reasonableness of a search or a seizure "within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case." *South Dakota v. Opperman*, 428 U.S. 364, 375 (1976). Without more factual allegations, including the who, what, where, when, and why of the search, it is unclear whether Bond's claim could survive screening pursuant to Section 1915A. *See* Fed. R. Civ. P. 8. Thus, any claim related to the "illegal" search is **DISMISSED without prejudice**.

Finally, to the extent that Bond seeks to raise any state law claims for false arrest, false imprisonment, or malicious prosecution, the Court would have supplemental jurisdiction over those related state law claims. The Court declines to exercise jurisdiction over the claims at this time, however, in light of the dismissal of all federal constitutional

4

claims at screening. *See* 28 U.S.C. §§ 1367(a), (c)(3) (district court has discretion to retain jurisdiction over supplemental claims or dismiss them when it dismisses the claims over which it had original jurisdiction). Accordingly, any potential state law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). This Order does not preclude Bond from re-pleading these claims in this or any other action in state or federal court.

## Disposition

For the reasons stated above, Bond's Amended Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Bond is **GRANTED** leave to file a "Second Amended Complaint" on or before **June 27, 2023**. Should Bond fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Bond's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). As explained above, the Court will not accept piecemeal amendments to the original Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Bond must re-file any exhibits he wishes

the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Bond is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Bond is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: May 30, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**